UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 11-124-BAJ-SCR

RONALD WAYNE WILKERSON

**RULING AND ORDER**

Before the Court is the United States Attorney's Office's ("Government" or "Movant") Motion for a Copy of the Jury Strike Sheets (doc. 101). The Movant requests documents used in the jury trial for Ronald Wayne Wilkerson. Specifically, the government requests a copy of the jury strike sheets for the United States and Defendant. Such documents are used by the Court to outline where the jurors are seated, how many strikes each side has exercised, which order they have been exercised in, and the exact composition of the jury pool.

The government avers that this documentary evidence is required because it may support the United States' argument that the peremptory strike of a juror was not based on any discriminatory basis. Further, the government argues that the record is silent with respect to the names of the other venire members who were stricken by the peremptory strikes (doc. 101 ¶ 5). The Court disagrees, and will require a contradictory hearing for this matter.

Under federal common law, the right of access to judicial records and documents is well recognized, however, this right can be counter-balanced by other

considerations. *United States v. Edwards*, 672 F.2d 1289, 1294 (7th Cir. 1982). Further, the decision on access to judicial records is within the discretion of the trial court. *Smith v. U.S. Dist. Court for S. Dist. of Illinois*, 956 F.2d 647, 651 (7th Cir. 1992).

Here, the Court exercises it discretion to deny access to its jury management documents at this time for the following reasons.

First, although the strike sheets show the names of the other venire members who were stricken by the peremptory strikes, the government has not demonstrated that they are unable to obtain this information from a review of the trial transcript. As noted in the government's motion, during the voir dire process, this Court asked over 50 questions to the venire members and these questions include, at a minimum, each potential juror's full name, age, gender, and race. Both parties also conducted extensive argument concerning the members of the venire that were stricken by the peremptory strikes and the strikes for cause. Because the government has not demonstrated that it is unable to ascertain all of the relevant information from a a review of the full copy of the trial transcript, the Court sees no compelling reason to produce these documents from the Court's records at this time.

Second, as the government has noted, the Clerk of Court informed the government that the juror strike sheets are maintained as a part of financial files related to jury management matters, and are not generally available for public inspection or production. This further supports the Court's conclusion that the disclosure of these documents is unwarranted and unnecessary for the reasons

cited by the government.

Accordingly, the Court finds that the government has failed to demonstrate that it is unable to ascertain the names of the other members of the venire who were stricken by the peremptory strikes through a review of the full trial transcript. Nonetheless, the Court will reconsider this order and set a contradictory hearing for this matter for **June 7, 2013 at 10:15 AM**.

Baton Rouge, Louisiana, June 5, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA